Herbert **HUMPHREYS** and **Wilda Humphreys, Husband and Wife,** Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

No. 14577.

United States Court of Appeals
Sixth Circuit.
April 11, 1962.

Edward J. Lawler, Memphis, Tenn., for petitioners, J. Fraser Humphreys, J. Lester Crain, Jr., Memphis, Tenn., on the brief.

Gilbert E. Andrews, Dept. of Justice, Washington, D. C., for respondent, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before WEICK and O'SULLIVAN, Circuit Judges, and DARR, Senior District Judge.

PER CURIAM.

The Tax Court upheld income tax deficiencies against petitioners for the years 1954 and 1955 on the authority of Maysteel Products, Inc. v. Commissioner, 33 T.C. 1021.

These deficiencies resulted from disallowance of deductions claimed for amortization of bond premiums[1] which were in addition to deductions taken for gifts to charity of petitioners' equity in the same bonds.

Maysteel has since been reversed by the Court of Appeals for the Seventh Circuit, Judge Schnackenberg dissenting. 287 F.2d 429 (C.A.7). The Court of Appeals adhered to its decision in Maysteel in the later case of Gallun v. Commissioner, 297 F.2d 455 (C.A.7) and with the same dissent.

The Courts of Appeal for the First and Third Circuits have followed the Seventh Circuit. Fabreeka Products Company v. Commissioner, 294 F.2d 876 (C.A.1); T. M. Evans et al. v. Dudley, 295 F.2d 713 (C.A.3). In the Evans case, a petition for certiorari was filed in the Supreme Court on February 16, 1962.[2]

The Government, in the present case, does not question the deductions claimed for the gifts to charity. It contends that the purchase of the bonds by taxpayers had no investment purpose, but was merely one step in a transaction whereby taxpayers sought to obtain a double tax deduction. It relies on Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128 and Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596.

The difficulty with this contention is that both deductions are allowed by statute. It cannot be controverted that the purchase of the bonds and the gifts to

1. The deductions for amortization of bond premiums were claimed under the provisions of Section 171 of the Internal Revenue Code of 1954, 26 U.S.C. § 171 (1958 ed.).

2. 30 L.W. 3284. It is stated in the summary in Law Week that the "Question presented: Should amount of amortizable premium on pre-1951 utility bonds callable on 30 days' notice be based on 'general' or on lower 'special' redemption price?"

charity were real genuine transactions[3] though motivated by tax considerations. If the statutory deductions allowed therefor produce bizarre results the remedy is with Congress and not with us.[4]

The reversal in Maysteel leaves the decision of the Tax Court in the present case without support of the only authority on which it relied. We think the decisions of the Courts of Appeal for the First, Third and Seventh Circuits on this issue were correct.

Another issue is presented for our consideration. The Government contends that the amount of the amortizable premiums should be computed on the basis of the regular redemption price of the bonds rather than at the lower sinking fund redemption price at which, it is asserted, that redemption was impossible during the short period of time in which taxpayers held the bonds.[5] The Tax Court did not pass upon this issue no doubt because it was unnecessary in view of its disallowance of the deductions entirely.

Taxpayers rely on our per curiam opinion in Parnell v. United States, 272 F.2d 943 (C.A.6) affirming 187 F.Supp. 576 (M.D.Tenn.). Parnell was followed by the Court of Appeals for the Third Circuit in Evans.

The Government relies on Gourielli v. Commissioner, 289 F.2d 69 (C.A.2) which is contrary to our decision in Parnell. Certiorari was granted in Gourielli[6] and the case has been argued in the Supreme Court but not decided.

Since the Tax Court did not adopt any findings of fact or conclusions of law respecting this issue the case will be remanded for its determination. In so doing, we are not unmindful of the fact that the decision of the Supreme Court when rendered in Gourielli may be helpful in arriving at a proper conclusion.

The decision of the Tax Court is reversed and the cause remanded for further proceedings in conformity with this opinion.

---

3. Taxpayers financed the purchase of bonds in part by pledge thereof to secure a bank loan and the remainder was paid in cash. Between the dates of purchase and sale one group of bonds purchased had declined in market value about 9 points. There was no sham involved in this loss.

4. Congress has acted since to plug the loopholes. Section 171(b) (1) (B) of the Internal Revenue Code of 1954, 26 U.S.C. § 171(b) (1) (B); Technical Amendments Act of 1958, Section 13(a) 72 Stat. 1606, 1610.

5. The bonds were held for slightly over 30 days.

6. 368 U.S. 812, 82 S.Ct. 53, 7 L.Ed.2d 21, sub. nom., Hanover Bank v. Commissioner.